# In the United States Court of Federal Claims

No. 09-33304
(Filed: May 31, 2023)[1]

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| WAYNE E. ALLEN, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction; Federal Insurance Contributions Act ("FICA"); Tax Refund Claim; Statute of Limitations; I.R.C. § 6511; *Pro Se*. |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

*Philip R. Simon*, San Rafael, CA, proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Philip R. Simon is one of several retired United Airlines pilots seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements. On September 28, 2022, the government moved to dismiss Mr. Simon's claim for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss [ECF 22]. In its motion, the government explained that, on review of the available evidence, it appears Mr. Simon retired in 2000, not in 2001 like the other plaintiffs in this case.[2] *Id*. at 1 n.1. Therefore, the government filed a separate motion to dismiss addressing only Mr. Simon's complaint. Mr. Simon did not file a response to the government's motion. On November 22, 2022, the government filed a reply, in which the government requested that the Court treat its motion to dismiss Mr. Simon's complaint as unopposed. Def.'s Reply [ECF 26].

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-3333.

[2] On the same day the government filed its motion to dismiss Mr. Simon's complaint, the government also filed a motion to dismiss the complaints of the other plaintiffs in this case, each of whom retired in 2001. *See* Def.'s Mot. to Dismiss 2001 Pls. [ECF 23].

On April 24, 2023, the Court issued a Memorandum Opinion and Order dismissing the complaints of the United Airlines pilots who retired in 2000. *See DiCicco, et. al v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023). Because the evidence shows that Mr. Simon retired in 2000, like the plaintiffs in *DiCicco*, the Court concludes that it lacks subject matter jurisdiction over Mr. Simon's claim for the same reasons set forth in *DiCicco*.

Mr. Simon retired from United Airlines on December 31, 2000. *See* More Definite Statement for Philip R. Simon, [ECF 14-1] at 8. At the time of his retirement, Mr. Simon's non-qualified deferred compensation benefits were estimated to be valued at $376,965.26 with a FICA tax assessment of $5,466. *Id.* at 3. Due to the United Airlines bankruptcy, Mr. Simon did not receive all his benefits. *Id.* at 2. Mr. Simon filed a refund claim of $5,466 with the IRS for the HI portion of the FICA tax. *Id.* at 1. His refund claim was postmarked for mailing to the IRS on December 31, 2007. *Id.* at 1, 5.

As explained in *DiCicco*, this Court possesses jurisdiction over claims for tax refunds provided the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must timely file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under I.R.C. § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a). Thus, as detailed in *DiCicco*, the United Airlines pilots who retired in 2000 were required by I.R.C. § 6511 to file their refund claims with the IRS by April 15, 2004—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See DiCicco*, 2023 WL 3064016, *5. The earliest that Mr. Simon filed his refund claim was December 31, 2007. *See* [ECF 14-1] at 1. Because Mr. Simon's tax refund claim was not timely filed as required by § 6511, the Court lacks jurisdiction to consider his tax refund suit, and his complaint must be dismissed.

Accordingly, the government's motion to dismiss [ECF 22] is **GRANTED**. Philip R. Simon's complaint is **DISMISSED**. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against Mr. Simon.

**IT IS SO ORDERED.**

                                                    s/ Thompson M. Dietz
                                                    THOMPSON M. DIETZ, Judge