# In the United States Court of Federal Claims

No. 09-33304
(Filed: May 31, 2023)[1]

**NOT FOR PUBLICATION**

```
*****************************************
WAYNE E. ALLEN, et al.,              *
                                     *
                Plaintiffs,          *
                                     *
        v.                           *
                                     *
THE UNITED STATES,                   *
                                     *
                Defendant.           *
*****************************************
```

RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction; Federal Insurance Contributions Act ("FICA"); Tax Refund Claim; Statute of Limitations; I.R.C. § 6511; *Pro Se*.

*Wayne E. Allen*, Carson City, NV; *Joseph E. Armstead*, Mountain View, CA; *Lawrence C. Becker*, Kailua, HI; *Joseph J. Gareffa*, Williamsburg, VA; *Barry N. Hamley*, San Jose, CA; *William P. Hanson*, Longmont, CA; *George W. Johnson*, Seattle, WA; *Bob T. Olsen*, Avon Lake, OH; *John C. Rains*, Morristown, VT; *Edward N. Ripper*, Bradenton, FL; *John E. Stout*, Somonauk, IL; *Charles F. Thom, II*, Litchfield Park, AZ; *Victor F. Wertheimer, Jr.*, Virginia Beach, VA, each proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**DIETZ, Judge.**

Thirteen United Airlines pilots who retired in 2001 (collectively, the "2001 Plaintiffs")—each proceeding *pro se*—seek refunds of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their retirements based on the estimated value of their non-qualified deferred

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-3333.

[2] This Memorandum Opinion and Order is nearly identical to the Memorandum Opinion and Order issued by the Court on December 28, 2022, in *Biestek v. United States*, 09-33301 and the Memorandum Opinion and Order issued by the Court on April 24, 2023. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022); *DiCicco, et. al v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023). It has been modified to reflect the individual retirement years and circumstances of the 2001 Plaintiffs.

compensation benefits.[3] Before the Court is the government's motion to dismiss the individual complaints of the 2001 Plaintiffs for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court finds that each of the 2001 Plaintiffs failed to timely file their tax refund claims with the Internal Revenue Service ("IRS") as required by section 6511 of the Internal Revenue Code ("I.R.C."), the Court lacks jurisdiction to hear their complaints. Accordingly, the government's motion to dismiss is **GRANTED**.

## I.    BACKGROUND

A FICA tax is "imposed on the income of every individual" by the United States government, and it is used by the government to fund federal benefits, such as Social Security and Hospital Insurance ("HI"). *See* I.R.C. § 3101; 26 C.F.R. § 31.3121(a)-2. Although the FICA tax is generally paid when the employee receives wages, wages under a nonqualified deferred compensation plan—the type of plan at issue in this case—are subject to a "special timing rule[.]" *See* I.R.C. § 3121(a); 26 C.F.R. § 31.3121(v)(2)-1; *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). Under the special timing rule, the FICA tax on wages deferred under a non-qualified deferred compensation plan is paid on "[t]he date on which services creating the right to the amount deferred are performed" or "[t]he date on which the right to the amount deferred is no longer subject to a substantial risk of forfeiture[,]" whichever is latest. I.R.C. § 3121(v)(2)(a)(ii). Furthermore, for a nonaccount balance plan—the type of nonqualified deferred compensation plan held by each of the 2001 Plaintiffs—the FICA tax is not required to be paid until "the first date on which all the amount deferred is reasonably ascertainable (the resolution date)." 26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(A). A deferred amount is "considered reasonably ascertainable on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known[.]" *Id.* § 31.3121(v)(2)-1(e)(4)(i)(B). The deferred amount is taxed at "present value," which is computed with reference to actuarial projections for life expectancy and a discount rate which accounts for the time value of money but does not account for the risk of employer default. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Koopmann v. United States*, 150 Fed. Cl. 299, 302 (2020) (citing *Balestra*, 803 F.3d at 1371).

Each of the 2001 Plaintiffs is a former United Airlines pilot who retired in 2001 with a non-qualified deferred compensation plan. *See* More Definite Statement for Wayne E. Allen [ECF 10-1] at 1;[4] More Definite Statement for Joseph E. Armstead [ECF 11-1] at 2; More Definite Statement for Lawrence C. Becker [ECF 12-1] at 2; More Definite Statement for Joseph J. Gareffa [ECF 16-1] at 2; Barry N. Hamley Short Form Compl., *Sofman, et al. v. United States*, No. 10-157 [ECF 240] at 3; More Definite Statement for William P. Hanson [ECF 13-1] at 2; More Definite Statement for George W. Johnson [ECF 17-1] at 2; More Definite Statement for Bob T. Olsen [ECF 18-1] at 5; More Definite Statement for John C. Rains [ECF 19-1] at 2;

---

[3] The 2001 Plaintiffs are: Wayne E. Allen; Joseph E. Armstead; Lawrence C. Becker; Joseph J. Gareffa; Barry N. Hamley; William P. Hanson; George W. Johnson; Bob T. Olsen; John C. Rains; Edward N. Ripper; John E. Stout; Charles F. Thom, II; and Victor F. Wertheimer, Jr.

[4] All page numbers in the parties' filings refer to the page number generated by the CM/ECF system.

Edward N. Ripper Short Form Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 467] at 2; More Definite Statement for John E. Stout [ECF 20-1] at 1; More Definite Statement for Charles F. Thom, II [ECF 15-2] at 7; More Definite Statement for Victor F. Wertheimer, Jr. [ECF 21-1] at 1. Pursuant to the special timing rule, United Airlines paid the FICA taxes on behalf of each of the 2001 Plaintiffs at the time of their respective retirements in 2001. [ECF 10-1] at 7 (Allen); [ECF 11-1] at 3 (Armstead); [ECF 12-1] at 4 (Becker); [ECF 16-1] at 3 (Gareffa); *Sofman*, No. 10-157 [ECF 240] at 4 (Hamley); [ECF 13-1] at 5 (Hanson); [ECF 17-1] at 4 (Johnson); [ECF 18-1] at 6 (Olsen); [ECF 19-1] at 3 (Rains); *Koopmann*, No. 09-333 [ECF 467] at 2-3 (Ripper);[5] [ECF 20-1] at 2 (Stout); [ECF 15-2] at 9 (Thom); [ECF 21-1] at 3 (Wertheimer). However, United Airlines subsequently filed for bankruptcy, and the 2001 Plaintiffs did not receive the full amount of their respective benefits that they expected to receive under their non-qualified deferred compensation plans.[6] *See* [ECF 10-1] at 5 (Allen); [ECF 11-1] at 11 (Armstead); [ECF 12-1] at 3 (Becker); [ECF 16-1] at 2 (Gareffa); *Sofman*, No. 10-157 [ECF 240] at 3 (Hamley); [ECF 13-1] at 2 (Hanson); [ECF 17-1] at 2 (Johnson); [ECF 18-1] at 5 (Olsen); [ECF 19-1] at 2 (Rains); *Koopmann*, No. 09-333 [ECF 467] at 2 (Ripper); [ECF 20-1] at 1 (Stout); [ECF 15-2] at 7 (Thom); [ECF 21-1] at 2 (Wertheimer). Following the bankruptcy, United Airlines informed each of the 2001 Plaintiffs that United Airlines would not seek a refund of the FICA taxes paid on their respective deferred benefits that they did not receive and advised the 2001 Plaintiffs to each file an individual claim with the IRS if they believed that they were entitled to a refund. *See* [ECF 10-1] at 4 (Allen); [ECF 11-1] at 4 (Armstead); [ECF 12-1] at 8 (Becker); [ECF 16-1] at 12 (Gareffa); *Sofman*, No. 10-157 [ECF 240] at 3 (Hamley);[7] [ECF 13-1] at 3 (Hanson); [ECF 17-1] at 7 (Johnson); [ECF 18-1] at 14 (Olsen); [ECF 19-1] at 9 (Rains); *Koopmann*, No. 09-333 [ECF 467] at 2 (Ripper);[8] [ECF 20-1] at 13 (Stout); [ECF 15-2] at 9 (Thom);[9] [ECF 21-1] at 9 (Wertheimer). Each of the 2001 Plaintiffs proceeded to file an individual refund claim with the IRS, the details of which are provided below:

- Wayne E. Allen retired from United Airlines on January 1, 2001. *See* [ECF 10-1] at 2. At the time of his retirement, Mr. Allen's non-qualified deferred

---

[5] Although Mr. Ripper's short form complaint does not contain the letter from United Airlines stating that it paid the applicable FICA taxes on his behalf, his IRS refund claim references such letter. *Koopmann*, No. 09-333 [ECF 467] at 2 ("[T]he FICA tax that I pre-paid on that sum was $5,142.82 (see UAL letter-exhibit #1[).]). Furthermore. Mr. Ripper states in his short form complaint: "Employer was required to file the return." *Id.* at 3.

[6] The United States Court of Appeals for the Seventh Circuit approved United Airlines reorganization following its bankruptcy in 2006. *See In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

[7] Although Mr. Hamley's short form complaint does not contain a letter from United Airlines advising him to file a claim with the IRS, his IRS refund claim states: "I have requested that United Airlines pursue a refund for the excess taxes paid . . . but they have refused to pursue that request (see UAL Letter of May 24, 2007[).]" *Sofman*, No. 10-157 [ECF 240] at 3.

[8] Although Mr. Ripper's short form complaint does not contain a letter from United Airlines advising him to file a claim with the IRS, his IRS refund claim states: "I have requested [United Airlines] to pursue a refund on my behalf for the excess taxes paid, but they have denied that request (see UAL Letter, exhibit #8)." *Koopmann*, No. 09-333 [ECF 467] at 2.

[9] Although Mr. Thom's more definite statement does not contain a letter from United Airlines advising him to file a claim with the IRS, a letter in his more definite statement states: "United Airlines has elected not to assist their retirees with the FICA overpayment." [ECF 15-2] at 8.

compensation benefits were estimated to be valued at $464,267.00 with a FICA tax assessment of $6,731.87. *Id.* at 7. Due to the United Airlines bankruptcy, Mr. Allen only received $235,833.03 in benefits. *Id.* at 5. On December 13, 2007, Mr. Allen filed a refund claim of $2,276.02 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

▪ Joseph E. Armstead retired from United Airlines on May 1, 2001. *See* [ECF 11-1] at 2. At the time of his retirement, Mr. Armstead's non-qualified deferred compensation benefits were estimated to be valued at $345,053.91 with a FICA tax assessment of $5,003.28. *Id.* at 3. Due to the United Airlines bankruptcy, Mr. Armstead only received $201,288 in benefits. *Id.* at 11. On October 11, 2007, Mr. Armstead filed a refund claim of $2,723 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

▪ Lawrence C. Becker retired from United Airlines on August 1, 2001. *See* [ECF 12-1] at 2. At the time of his retirement, Mr. Becker's non-qualified deferred compensation benefits were estimated to be valued at $563,220.92 with a FICA tax assessment of $8,166.70. *Id.* at 4. Due to the United Airlines bankruptcy, Mr. Becker only received $281,772.25 in benefits. *Id.* at 3. On November 26, 2007, Mr. Becker filed a refund claim of $4,081.01 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

▪ Joseph J. Gareffa retired from United Airlines in October 2001. *See* [ECF 16-1] at 2. At the time of his retirement, Mr. Gareffa's non-qualified deferred compensation benefits were estimated to be valued at $343,010.18 with a FICA tax assessment of $4,973.65. *Id.* at 3. Due to the United Airlines bankruptcy, Mr. Gareffa only received $176,712.36 in benefits. *Id.* at 2. On November 20, 2007, Mr. Gareffa filed a refund claim of $2,411.32 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

▪ Barry N. Hamley retired from United Airlines on May 1, 2001. *See Sofman*, No. 10-157 [ECF 240] at 3. At the time of his retirement, Mr. Hamley's non-qualified deferred compensation benefits were estimated to be valued at $461,061.53 with a FICA tax assessment of $6,685.39. *Id.* at 4. Due to the United Airlines bankruptcy, Mr. Hamley only received $177,945.53 in benefits. *Id.* at 3. On June 2, 2007, Mr. Hamley filed a refund claim of $4,114.95 with the IRS for the HI portion of the FICA tax. *Id.*

▪ William P. Hanson retired from United Airlines on March 1, 2001. *See* [ECF 13-1] at 2. At the time of his retirement, Mr. Hanson's non-qualified deferred compensation benefits were estimated to be valued at $300,806.34 with a FICA tax assessment of $4,361.69. *Id.* at 5. Due to the United Airlines bankruptcy, Mr. Hanson only received $172,074.47 in benefits. *Id.* at 2. On December 24, 2007, Mr. Hanson filed a refund claim of $1,866.61 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

- George W. Johnson retired from United Airlines on November 1, 2001. *See* [ECF 17-1] at 2. At the time of his retirement, Mr. Johnson's non-qualified deferred compensation benefits were estimated to be valued at $666,488.05 with a FICA tax assessment of $9,664.08. *Id.* at 4. Due to the United Airlines bankruptcy, Mr. Johnson only received $232,497.25 in benefits. *Id.* at 2. On May 1, 2007, Mr. Johnson filed a refund claim of $6,292.87 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

- Bob T. Olsen retired from United Airlines on May 1, 2001. *See* [ECF 18-1] at 5. At the time of his retirement, Mr. Olsen's non-qualified deferred compensation benefits were estimated to be valued at $436,820.55 with a FICA tax assessment of $6,333.90. *Id.* at 6. Due to the United Airlines bankruptcy, Mr. Olsen did not receive all his benefits. *Id.* at 5. On October 2, 2007, Mr. Olsen filed a refund claim of $2,945.81 with the IRS for the HI portion of the FICA tax. *Id.* at 1, 3.

- John C. Rains retired from United Airlines on March 1, 2001. *See* [ECF 19-1] at 2. At the time of his retirement, Mr. Rains' non-qualified deferred compensation benefits were estimated to be valued at $464,442.38 with a FICA tax assessment of $6,734.41. *Id.* at 3. Due to the United Airlines bankruptcy, Mr. Rains only received $239,385.32 in benefits. *Id.* at 2. On April 27, 2007, Mr. Rains filed a refund claim of $3,263.33 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

- Edward N. Ripper retired from United Airlines on January 1, 2001. *See Koopmann*, No. 09-333 [ECF 467] at 2. At the time of his retirement, Mr. Ripper non-qualified deferred compensation benefits were estimated to be valued at $354,677.16 with a FICA tax assessment of $5,142.82. *Id.* Due to the United Airlines bankruptcy, Mr. Ripper only received $219,245.55 in benefits. *Id.* On July 13, 2007, Mr. Ripper filed a refund claim of 1,963.76 with the IRS for the HI portion of the FICA tax. *Id.*

- John E. Stout retired from United Airlines on May 1, 2001. *See* [ECF 20-1] at 1. At the time of his retirement, Mr. Stout's non-qualified deferred compensation benefits were estimated to be valued at $408,924.27 with a FICA tax assessment of $5,929.66. *Id.* at 2. Due to the United Airlines bankruptcy, Mr. Stout only received $221,163.09 in benefits. *Id.* at 1. On November 30, 2007, Mr. Stout filed a refund claim of $2,722.54 with the IRS for the HI portion of the FICA tax. *Id.*

- Charles F. Thom, II retired from United Airlines on October 1, 2001. *See* [ECF 15-2] at 7. At the time of his retirement, Mr. Thom's non-qualified deferred compensation benefits were estimated to be valued at $446,283.72 with a FICA tax assessment of $6,471.11. *Id.* at 9. Due to the United Airlines bankruptcy, Mr. Thom did not receive all his benefits. *Id.* at 7. On December 10, 2006, Mr. Thom filed a refund claim of $4,117.78 with the IRS for the HI portion of the FICA tax. [ECF 15-1] at 2; [ECF 15-2] at 6.

- Victor F. Wertheimer, Jr. retired from United Airlines on January 31, 2001. *See* [ECF 21-1] at 1. At the time of his retirement, Mr. Wertheimer's non-qualified deferred compensation benefits were estimated to be valued at $361,052.44 with a FICA tax assessment of $5,235.26. *Id.* at 3. Due to the United Airlines bankruptcy, Mr. Wertheimer only received $201,183.37 in benefits. *Id.* at 2. On December 22, 2007, Mr. Wertheimer filed a refund claim of $2,318.10 with the IRS for the HI portion of the FICA tax. *Id.* at 1.

The 2001 Plaintiffs are among a larger group of retired United Airlines pilots seeking a refund of FICA taxes. Another retired United Airlines pilot, William Koopmann, proceeding *pro se*, filed a case in this Court on May 26, 2009, in which he similarly sought a refund of the HI portion of the FICA tax paid in connection with his non-qualified deferred compensation benefits.[10] *See* Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 1]. Thereafter, on March 12, 2010, Peter Sofman, another retired United Airlines pilot, filed a separate *pro se* case seeking a FICA tax refund. *See* Compl., *Sofman, et al. v. United States*, No. 10-157 [ECF 1]. Mr. Koopmann and Mr. Sofman collectively sought to include over 160 other retired United Airlines pilots as plaintiffs in their respective cases, including the 2001 Plaintiffs. *See Koopmann*, No. 09-333 [ECF 1] at 1-2; *Sofman*, No. 10-157 [ECF 1] at 1. The Court allowed each retired pilot, including the 2001 Plaintiffs, to join the *Koopmann* and *Sofman* cases as individual *pro se* plaintiffs. *See* May 26, 2010 Order, *Koopmann*, No. 09-333 [ECF 62]; May 26, 2010 Order, *Sofman*, No. 10-157 [ECF 77]. The Court eventually consolidated the *Koopmann* and *Sofman* cases under *Koopmann*. *See* Jul. 23, 2021 Order, *Koopmann*, No. 09-333 [ECF 565] at 3; Jul. 23, 2021 Order *Sofman*, 10-157 [ECF 265] at 3.

In an opinion issued on September 30, 2020, this Court dismissed Mr. Koopmann's complaint for lack of subject matter jurisdiction because the Court found that his tax refund claim was not timely filed with the IRS and thus his complaint was time-barred by § 6511. *Koopmann*, 150 Fed. Cl. at 304. Mr. Koopmann appealed, and the Federal Circuit affirmed the dismissal of his complaint. *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022).[11]

Despite the dismissal of Mr. Koopmann's complaint, many of the other retired pilots who joined the *Koopmann* case remained active in the litigation and continued to prosecute their complaints. To ensure that each plaintiff provided the necessary information to support their individual tax refund claim in this Court pursuant to RCFC 9(m), the Court required each individual plaintiff to file a short form complaint. *See* Jan. 12, 2021 Order, *Koopmann*, No. 09-333 [ECF 391] at 12-13; Jan. 12, 2021 Order, *Sofman*, No. 10-157 [ECF 232] at 12-13. Each of the 2001 Plaintiffs filed a short form complaint. *See* Allen Short Form Compl., *Koopmann*, No. 09-333 [ECF 509]; Armstead Short Form Compl., *Koopmann*, No. 09-333 [ECF 501]; Becker Short Form Compl., *Koopmann*, No. 09-333 [ECF 449]; Gareffa Short Form Compl.,

---

[10] This case was reassigned to the undersigned on January 12, 2021. *See* Jan. 12, 2021 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 393].

[11] This Court also dismissed another plaintiff, William Brashear, on the same grounds and same day as Mr. Koopmann. *See Koopmann v. United States*, 150 Fed. Cl. 290, 299 (2020). Mr. Brashear's dismissal was also upheld by the Federal Circuit in *Koopmann*. *See* 2022 WL 1073340, at *7.

*Koopmann*, No. 09-333 [ECF 445]; *Sofman*, No. 10-157 [ECF 240] at 3 (Hamley); Hanson Short Form Compl., *Koopmann*, No. 09-333 [ECF 458]; Johnson Short Form Compl., *Koopmann*, No. 09-333 [ECF 479]; Olsen Short Form. Compl., *Koopmann*, No. 09-333 [ECF 476]; Rains Short Form Compl., *Koopmann*, No. 09-333 [ECF 450]; *Koopmann*, No. 09-333 [ECF 467] (Ripper); Stout Short Form Compl., *Koopmann*, No. 09-333 [ECF 457]; Thom Short Form Compl., *Koopmann*, No. 09-333 [ECF 503]; Wertheimer Short Form Compl., *Koopmann*, 09-333 [ECF 504].

For case management purposes, the Court used the information contained in the short form complaints to organize the remaining individual plaintiffs into nine groups based upon retirement year and to sever each group into a separate case. *See Koopmann,* No. 09-333 [ECF 565]; *Sofman*, No. 10-157 [ECF 265]. As the only plaintiffs who appeared to have retired in 2001, Messrs. Allen, Armstead, Becker, Gareffa, Hamley, Hanson, Olsen, Rains, Stout, and Wertheimer were assigned to the instant case. *See id.* at 3. The Court transferred the complaints of Messrs. Johnson, Ripper, and Thom after the government discovered more information relating to their retirement years. *See* Jan. 4, 2022 Order, *Barnes, et al. v. United States*, No. 09-33308 [ECF 11]; June 13, 2022 Order, *Barnes*, No. 09-33308 [ECF 23]. On September 29, 2022, the government moved to dismiss the complaints of the 2001 Plaintiffs for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss [ECF 23]. The 2001 Plaintiffs each signed onto a combined response, which was filed on November 7, 2022. Pls.' Resp. [ECF 24]. The government filed its reply on December 15, 2022. Def.'s Reply [ECF 25]. The Court has reviewed the briefing and determined that oral argument is not necessary to reach a decision.

## II.   LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint when resolving the dispute. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Engage Learning v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). A plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court liberally construes pleadings from *pro se* plaintiffs. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded to *pro se* plaintiffs, however, does not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[W]here the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not [] take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants.").

## III.   DISCUSSION

The government asserts that this Court lacks jurisdiction over the complaints filed by the 2001 Plaintiffs because "the administrative claims filed by the 2001 [P]laintiffs were untimely, and their refund claims . . . are barred by I.R.C. § 6511." [ECF 23] at 4.[12] This Court possesses jurisdiction over claims for tax refunds provided that the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must *timely* file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later[.]" I.R.C. § 6511(a). Additionally, when calculating the time limitations for a FICA tax refund claim, the following must be taken into consideration:

(1)   If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and

(2)   If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

I.R.C. § 6513(c). Failure to file a refund claim within the requisite period deprives this Court of jurisdiction to hear the case. *See Clintwood*, 553 U.S. at 4.

Following the individual retirements of the 2001 Plaintiffs, United Airlines paid the applicable FICA taxes on their respective non-qualified deferred compensation benefits. *See* [ECF 10-1] at 7 (Allen); [ECF 11-1] at 3 (Armstead); [ECF 12-1] at 4 (Becker); [ECF 16-1] at 3 (Gareffa); *Sofman*, No. 10-157 [ECF 240] at 4 (Hamley); [ECF 13-1] at 5 (Hanson); [ECF 17-1] at 4 (Johnson); [ECF 18-1] at 6 (Olsen); [ECF 19-1] at 3 (Rains); *Koopmann*, No. 09-333 [ECF 467] at 2-3 (Ripper); [ECF 20-1] at 2 (Stout); [ECF 15-2] at 9 (Thom); [ECF 21-1] at 3

---

[12] In their combined response to the government's motion to dismiss, the 2001 Plaintiffs state "that they have read James Biestek's [r]esponse . . . and they assert that James Biestek's arguments in response to [the government's] motion to dismiss him are their arguments in response, as well." [ECF 24] at 6; *see also* Pl.'s Resp. to Def.'s Mot. to Dismiss, *Biestek v. United States*, 09-33301 [ECF 9]. Accordingly, the Court treats the 2001 Plaintiffs as making the same arguments in response to the government's motion to dismiss in this case as Mr. Biestek made in response to the government's motion to dismiss in his case, which the Court considered in *Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022).

(Wertheimer). According to IRS transcripts,[13] United Airlines filed its quarterly returns for the year 2001 on April 30, 2001, July 31, 2001, November 19, 2001, and February 14, 2002. *See* Def.'s Ex. A [ECF 23-1] at 3, 11, 17, 25. Because all the returns for the 2001 tax year were filed before April 15, 2002, these returns are considered filed as of April 15, 2002. *See* I.R.C. § 6513(c)(1). IRS transcripts also demonstrate that United Airlines made the applicable tax deposits by no later than February 28, 2002. *See* [ECF 13-1] at 28. Because all the tax deposits for the 2001 tax year were made before April 15, 2002, these returns are considered paid as of April 15, 2002. *See* I.R.C. § 6513(c)(2). Under these circumstances, the 2001 Plaintiffs were required by § 6511 to file their refund claims with the IRS by April 15, 2005—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See* I.R.C. § 6511. The earliest date on which any of the 2001 Plaintiffs filed their individual tax refund claim was December 10, 2006—the date Mr. Thom filed his tax refund claim. *See* [ECF 15-1] at 2.[14] Because none of the 2001 Plaintiffs' tax refund claims were timely filed as required by § 6511, the Court lacks jurisdiction to consider any of their tax refund suits. The Court reaches this conclusion despite the 2001 Plaintiffs' arguments that the § 6511 time limitations do not bar their tax refund suits.

In their combined response to the government's motion to dismiss, the 2001 Plaintiffs adopt the same arguments raised by Mr. Biestek in his response to the government's motion to dismiss in his case. *See* [ECF 24] at 6 (stating "that they have read James Biestek's [r]esponse . . . and they assert that James Biestek's arguments in response to [the government's] motion to dismiss him are their arguments in response, as well"); *see also* Pl.'s Resp. to Def.'s Mot. to Dismiss, *Biestek v. United States*, 09-33301 [ECF 9]. The Court considered and rejected these arguments in *Biestek*. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022) at *4-5. For the same reasons stated in *Biestek*, the Court rejects these arguments in this case.

In addition to adopting the arguments raised by Mr. Biestek, the 2001 Plaintiffs also raise several additional arguments. *See* [ECF 24] at 1. The additional arguments challenge the constitutionality of the IRS assessing and collecting FICA taxes on non-qualified deferred compensation prior to the compensation being received by the taxpayer, as well as the

---

[13] The 2001 Plaintiffs argue that the IRS transcripts provided by the government show only that United Airlines "filed FICA tax returns regularly," not that United Airlines filed a FICA tax return specifically on their behalf. *Biestek*, No. 09-33301 [ECF 9] at 3. This argument is meritless. The 2001 Plaintiffs never argue that United Airlines failed to report their wages on its quarterly tax returns or to make payment of the FICA taxes attributable to their wages. Furthermore, the documentation provided by the 2001 Plaintiffs shows that United Airlines paid the FICA taxes on their behalf at the time of their respective retirements as required by IRS regulations. [ECF 10-1] at 7 (Allen); [ECF 11-1] at 3 (Armstead); [ECF 12-1] at 4 (Becker); [ECF 16-1] at 3 (Gareffa); *Sofman*, No. 10-157 [ECF 240] at 4 (Hamley); [ECF 13-1] at 5 (Hanson); [ECF 17-1] at 4 (Johnson); [ECF 18-1] at 6 (Olsen); [ECF 19-1] at 3 (Rains); *Koopmann*, No. 09-333 [ECF 467] at 2-3 (Ripper); [ECF 20-1] at 2 (Stout); [ECF 15-2] at 9 (Thom); [ECF 21-1] at 3 (Wertheimer).

[14] The other tax refund requests were filed on the following dates: April 27, 2007, [ECF 19-1] at 1 (Rains); May 1, 2007, [ECF 17-1] at 1 (Johnson); June 2, 2007, *Sofman*, No. 10-157 [ECF 240] at 3 (Hamley); July 13, 2007, *Koopmann*, No. 09-333 [ECF 467] at 2 (Ripper); October 2, 2007, [ECF 18-1] at 1 (Olsen); October 11, 2007, [ECF 11-1] at 1 (Armstead); November 20, 2007, [ECF 16-1] at 1 (Gareffa); November 26, 2007, [ECF 12-1] at 1 (Becker); November 30, 2007, [ECF 20-1] at 1 (Stout); December 13, 2007, [ECF 10-1] at 1 (Allen); December 22, 2007, [ECF 21-1] at 1 (Wertheimer); December 24, 2007, [ECF 13-1] at 1 (Hanson).

application of the time limitations under § 6511 to FICA tax refund claims. *See* [ECF 24] at 2 (arguing that the caselaw relied upon by the government in its motion to dismiss is inapplicable because the cases involve "taxpayers [who] received all the taxed income and the taxes were assessed and collected one year at a time, as all U.S. income taxes are required to be administered."); *see id*. at 3 (arguing that the initial "tax was taken unconstitutionally because it did not tax income received, but the right to future income."); *see id*. at 5 (arguing that "[i]n taxing [their] rights to projected and unfunded retirement benefits, and not income, that taxing was unconstitutional"); *see id*. (arguing that "[t]he [s]tatute of [l]imitations [under] § 6511(a) cannot apply to more than one year at a time or to years when no refund was requested"); *see id*. at 6 (arguing that "before [the Court] can surrender jurisdiction [under the § 6511 time limitation], it must first determine if the taxing was [c]onstitutional" and that "[a]llowing the § 6511(a) time statute to apply to start the time limit in years when [p]laintiffs had no right to claim a refund because they were receiving the taxed income violates their Constitutional rights to due process and denies them equal protection."). These challenges were largely addressed by the Federal Circuit in *Balestra* and *Koopmann*.[15]

In *Balestra*, the Federal Circuit considered and upheld the method in which the IRS assesses and collects FICA taxes on non-qualified deferred compensation under the special timing rules. 803 F.3d at 1374 (finding that "Treasury explained that it sought simple, workable, and flexible rules when valuing future benefits. It devised a regulation that satisfied these goals while comporting with the governing statute. This is neither arbitrary nor capricious."). Further, in *Koopmann*, the Federal Circuit considered and upheld the application of the time limitations under § 6511 to refund claims for FICA taxes paid on deferred compensation. *Koopmann*, 2022 WL 1073340, at *5 ("[A]ny refund claim for recovery of the FICA tax imposed on [] deferred compensation retirement benefits [is] subject to the time limitations set forth in I.R.C. § 6511(a)"). The Federal Circuit also considered and rejected arguments regarding the potential unfairness resulting from application of the § 6511 time limitations on FICA tax refund claims. *See id.* at *6 ("As a general proposition, the Supreme Court has made clear that equitable considerations do not override Congress's judgment as to the time limitations for filing a tax refund claim."). The Court will not depart from the Federal Circuit's decisions on these issues.

## IV.    CONCLUSION

For the reasons stated above, the government's motion to dismiss [ECF 23] is **GRANTED**. The complaints of Wayne E. Allen; Joseph E. Armstead; Lawrence C. Becker; Joseph J. Gareffa; Barry N. Hamley; William P. Hanson; George W. Johnson; Bob T. Olsen; John C. Rains; Edward N. Ripper; John E. Stout; Charles F. Thom, II; and Victor F. Wertheimer, Jr. are **DISMISSED**. The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

                                                                s/ Thompson M. Dietz
                                                                THOMPSON M. DIETZ, Judge

---

[15] To the extent the 2001 Plaintiffs challenge the constitutionality of IRC § 3121, the Court is unable to address this challenge because the 2001 Plaintiffs' respective tax refund claims were filed outside of the time limitations under § 6511 and thus this Court does not possess jurisdiction over such challenge. *See Clintwood*, 553 U.S. at 14.